DECISION
A trial was held on January 29, 2009. James Denny (Denny) appeared for Plaintiffs. Greg Weddle, Tax Auditor, represented Defendant. Subsequently, written submissions were filed; the record closed March 5, 2009.
At issue are certain expenses connected with James Denny's landscaping business for the 2003 tax year.
 I. STATEMENT OF FACTS
Denny has owned and operated a landscape business for several years. For the 2003 tax year, he claimed deductions for certain expenses. The two remaining at issue in this appeal are (A) three cellular telephones and (B) a 1987 Volvo sedan used in connection with the business. A.Cellular Telephones
Denny used three phones in 2003. He testified that he was the only person who used them, and all use was for business purposes. The same business number was used in all advertising efforts. He had a telephone in each of his two business vehicles so to respond as soon as possible. Another was in reserve in the case of battery failure. He testified "if you don't pick up the phone, the job goes to someone else." He stated the prior use of a pager had proved very ineffective. *Page 2 
The original audit disallowed all three cellular phones. After the case management conference, the parties were asked to meet and discuss their differences prior to trial. In its recommendation filed January 16, 2009, Defendant recommended that a deduction for the single phone most often used be allowed. Plaintiffs maintain they are entitled to also deduct the remaining two cellular telephones.
B. Car and Truck Expense
Defendant allowed costs attributed to a 1993 Ford flatbed truck for 2003. The other vehicle owned and used by Denny is a 1987 Volvo sedan. It is registered jointly to both Plaintiffs. Denny testified that it was never used for personal reasons. Defendant termed that "not reasonable" at trial. Defendant concedes some business use but does not know how to quantify based on the lack of supporting details.
Plaintiffs did not maintain contemporaneous records regarding the Volvo. Defendant requested supporting information such as the mileage for each business use, the total miles driven during the year, the dates of each business use, and the business purpose for each use. Nothing of substance was produced. Denny maintains that, since he claims the entirety of the Volvo's use was business related, there was no need to keep the detailed records. He testified he "didn't have time" for such record keeping.
 II. ANALYSIS
In order to be an appropriate deduction, claimed expenses must be both ordinary and necessary expenses which were paid or incurred during the taxable year while carrying on a trade or business. IRC 162.[1] *Page 3 
A. Cellular Telephones
Denny fully explained the necessity for all of the cellular telephones. Given the specific nature of his business enterprise, they were appropriate and used for commercial purposes. While this may not be the case is other occupations — such as salespeople — it is clearly a requirement under Denny's individualized landscaping operations. The court allows all costs for the cellular telephones for tax year 2003.
B. Car Expense
As to the Volvo, the lack of supporting written information is fatal to Plaintiffs' claims.
While Denny testified in a candid and straight-forward manner at trial, more than just his verbal recitations are required for the vehicle expenses. No deduction shall be allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement.
Simply because a vehicle is used solely for business purposes does not relieve a taxpayer from the log or diary requirement. Hentges, TC Memo 1988-244 (1988). Here, even minimal records would have assisted the claim.[2]
 III. CONCLUSION
Now, therefore, for the 2003 tax year,
IT IS THE DECISION OF THIS COURT that all claimed cellular telephone expenses shall be allowed; and *Page 4 
IT IS FURTHER DECIDED that no additional expenses shall be allowed for the 1987 Volvo.
Dated this ___ day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on October8, 2009. The Court filed and entered this document on October 8, 2009.
[1] References to the Internal Revenue Code (IRC) are to 2003.
[2] No specific exhibits were offered prior to trial by Plaintiffs. *Page 1